COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Senior Judge Bumgardner
Argued at Alexandria, Virginia


ELIZABETH WELLS SHAW

                                                 MEMORANDUM OPINION[*] BY
v.      Record No. 2022-05-4              JUDGE ELIZABETH A. McCLANAHAN
                                                           JUNE 6, 2006
LANDON FRANK SHAW



                     FROM THE CIRCUIT COURT OF CLARKE COUNTY
                                   John R. Prosser, Judge

                 Marilyn Ann Solomon for appellant.

                 Kelly C. Ashby (Peter W. Buchbauer; James J. McGuire;
                 Buchbauer & McGuire, P.C., on brief), for appellee.


        Elizabeth Wells Shaw appeals from a final decree of divorce from Landon Frank Shaw.

She contends the trial court erred in denying her petition to relocate, in granting joint legal

custody, and in setting a visitation schedule that is not in the children's best interest.  The father

requests attorneys' fees and costs incident to this appeal.  We affirm the trial court's rulings,

which are amply supported by the record, and decline to award the father attorneys' fees.

                                        I.  Background

        We view the evidence in the light most favorable to the father, and grant to him all

reasonable inferences fairly deducible from the evidence.  Petry v. Petry, 41 Va. App. 782, 785,

589 S.E.2d 458, 460 (2003).  The parties married in 1993 and had four children who were born

in 1993, 1995, 1998, and 2000.  The father was granted a divorce on the ground of the wife's

post-separation adultery by final decree dated August 4, 2005.  During the marriage, the father

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

worked long hours as a computer network engineer and the mother home schooled the children and was their primary childcare provider.

The mother sought sole custody of the children and requested permission to move to her parents' home in Arizona. She maintained that Arizona had a lower cost of living and her parents offered free housing and free childcare, which would enable her to complete her college degree or re-enter the work force. The father objected to the move, noting that the children have extended family and friends here.[1] He maintained that if the children were in Arizona, shared custody would be impossible and his relationship with the children would suffer. The father urged the court to consider his flexible work schedule and grant him regular contact with the children.

After several days of an *ore tenus* hearing, the trial court granted the parties joint legal custody, with primary physical custody to the mother, and liberal visitation to the father. The court also denied the mother's request to move to Arizona because no evidence supported "the need for such a drastic move" and relocation would not be in the best interest of the children.

The mother maintains the trial court erred in denying her request to relocate to Arizona and failed to consider the best interests of the children as required by Code § 20-124.3. She also argues the trial court erred in awarding the parties joint legal custody and in setting a visitation schedule that is not in the children's best interest.

## II. Analysis

### A. Standard of Review

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387

---

[1] The mother's two brothers and the father's parents reside near the marital residence, where the husband would continue to reside.

S.E.2d 794, 795 (1990); see also Code § 20-124.2(B); Petry, 41 Va. App. at 789-90, 589 S.E.2d at 462;[2] Goodhand v. Kildoo, 37 Va. App. 591, 599, 560 S.E.2d 463, 466 (2002); Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996). The trial court's determination must be based on all the evidence, the factors listed in Code § 20-124.3, and the best interest of the children "as viewed under the circumstances existing at the time of the decision." Cloutier v. Queen, 35 Va. App. 413, 425, 545 S.E.2d 574, 580 (2001). See also Code § 20-124.2(A). While the court must consider the factors in the statute, "'it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."'" Cloutier, 35 Va. App. at 425, 545 S.E.2d at 580 (citations omitted).

B. The Best Interest of the Children

The trial court has broad discretion to make "the decisions necessary to guard and to foster" the children's best interest. Farley, 9 Va. App. at 328, 387 S.E.2d at 795. The court abuses that discretion when it fails to consider the statutory factors of Code § 20-124.3,[3] Piatt v. Piatt, 27 Va. App. 426, 434, 499 S.E.2d 567, 571 (1998), or when its decision is plainly wrong or unsupported by the evidence, Petry, 41 Va. App. at 790, 589 S.E.2d at 462. See D'Ambrosio v. D'Ambrosio, 45 Va. App. 323, 335, 610 S.E.2d 876, 882 (2005) ("When a trial court hears evidence at an *ore tenus* hearing, its factual findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support them."); Sullivan v.

---

[2] In making that determination, "[t]he court shall assure minor children of frequent and continuing contact with both parents, when appropriate, and encourage parents to share in the responsibilities of rearing their children." Code § 20-124.2(B).

[3] The factors the trial court shall consider are: the ages and mental conditions of the children and parents, the needs of the children, the role each parent has played in their upbringing, the inclination of each parent to foster the children's relationship with the other parent, the willingness of each parent to cooperate and resolve disputes regarding the children, the preferences of the children, history of family abuse, and other factors the court deems necessary and proper. Code § 20-124.3.

Knick, 38 Va. App. 773, 784-85, 568 S.E.2d 430, 436 (2002) (permitting relocation based on

benefits to mother, and not on "necessitous or other compelling circumstances," is plainly

wrong).

The trial court found both parents to be fit, despite attempts by each of them to prove

otherwise, and granted them joint legal custody. It acknowledged the mother's role as the

children's primary caregiver and educator and the oldest child's wish to live with the mother,[4]

and granted the mother primary physical custody. While the court noted that the father had not

been an active parent, he had a job that enabled him to telecommute. The court granted the

father visitation with the children that afforded them frequent and consistent contact. Finally, the

court denied the mother's request to move because it would have a negative impact on the

children's relationship with their father,[5] the children had extended paternal and maternal family

near the marital residence, and the mother did not prove that moving to Arizona was necessary

for her to return to school or re-enter the work force. While the mother argued she could not

afford to live in Virginia and the cost of day care was exorbitant, the court awarded child support

and two years of spousal support without imputing income to her.

"In determining whether credible evidence exists, the appellate court does not retry the

facts, reweigh the preponderance of the evidence, or make its own determination of the

---

[4] The trial court's Written Findings Regarding Custody reflect that the oldest child wished to "live with her mother and see her father frequently." The father conceded at oral argument that the court's recollection that the child wished to "see her father frequently" was not an accurate account of her testimony. Nevertheless, the record does not show that either party objected to this factual error at the trial court. Rule 5A:18.

[5] Moreover, the court noted that this drastic change to Arizona was primarily motivated by the mother's desire to "erase" the father from her life. While her desire to "start life anew" is understandable, "[t]he court may consider a benefit to the parent from relocation only if the move independently benefits" the children. Goodhand, 37 Va. App. at 599, 560 S.E.2d at 466. While the mother maintained she was afraid of the father, was concerned for her safety, and suffered from post-traumatic stress syndrome, she did not have a current protective order against him and no evidence showed the children's safety was at risk.

credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Joynes v. Payne, 36 Va. App. 401, 416, 551 S.E.2d 10, 17 (2001); see also Carpenter v. Carpenter, 220 Va. 299, 302-03, 257 S.E.2d 845, 848 (1979). Under these principles, it is immaterial that the same set of facts, if viewed in a light most favorable to the mother, might also support the relief she seeks.

The trial court's decision was not an abuse of discretion, plainly wrong, or unsupported by the evidence. After viewing all the evidence and weighing the statutory factors, the trial court determined that the mother failed to prove that relocating to Arizona would be in the children's best interest. The evidence supports the trial court's decision to grant the parties joint legal custody, with primary physical custody to the mother and liberal visitation to the father. Accordingly, we must affirm.

### C. Attorneys' Fees

The father requests attorneys' fees and costs incurred in defending this appeal. After considering the entire record, we hold the mother's appeal "addressed appropriate and substantial issues" and did not "generate[] unnecessary delay or expense." Sullivan, 38 Va. App. at 785, 568 S.E.2d at 436; see also O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Therefore, we deny the father's request for an award of fees and costs on appeal.

We conclude the trial court did not abuse its discretion in denying the mother's petition to relocate to Arizona, in awarding the parties joint custody, and in setting the visitation schedule. We deny the father's request for attorneys' fees. Accordingly, we affirm.

Affirmed.